# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**TRAMELL BLEDSOE,**

      **Petitioner,**

**v.**                                              **Civil Action No. 5:19cv148**
                                                         **(Judge Bailey)**

**FREDICK ENTZEL, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On April 15, 2019, Petitioner, Tramell Bledsoe, an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges Petitioner's conviction and sentence in the Eastern District of Pennsylvania. The matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

**A. Conviction and Sentence**

---

[1] The facts are taken from Petitioner's Criminal Case No. 2:07cr165-JFL in the United States District Court for the Eastern District of Pennsylvania available on PACER. Unless otherwise noted, the ECF entries in this section referred to the criminal case. Philips v. Pitt Cnty. Mem Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 Fed second 1236, 1239 (4th Cir. 1989) ( "We note that the most frequent use of judicial notice is in noticing the contents of court records.'").

On January 30, 2008, a federal grand jury returned a second superseding indictment against Petitioner, charging him with one count of conspiracy to commit armed bank robbery, three counts of armed bank robbery, three counts of using and carrying a firearm during and in relation to a crime of violence, and one count of being a felon in possession of a firearm. ECF No. 85. On February 26, 2009, following a two-week jury trial, Petitioner was convicted of one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count One), two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Counts Four and Six), two counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts Five and Seven), and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Eight). ECF No. 262. Sentence was imposed on October 1, 2009, and judgment was entered on October 6, 2009. ECF No. 303. Petitioner's criminal history included another robbery conviction, and a conviction based on his assault of a referee during a baseball game. The district court imposed a within-guideline sentence of 60 months on the conspiracy charge; a concurrent term of 108 months on each of the two bank robbery charges and the 922(g) charge; and consecutive terms of 84 months and 300 months on the 924(c) counts. The total sentence of imprisonment was four hundred ninety-two months, in addition to other penalties. Shortly after sentencing, the district judge granted the Government's motion to dismiss Counts Two and Three of the second superseding indictment which had been severed before trial. The United States Court of Appeals for the Third Circuit affirmed Petitioner's conviction and sentence on November 2, 2011. See United States

v. Bledsoe, 449 F.App'x. 159 (3d Cir. 2011). Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.

### B. Motions to Vacate

On January 29, 2013, Petitioner filed a motion under 28 U.S.C. § 2255, alleging one claim of ineffective assistance of counsel. ECF No. 329. Specifically, Petitioner claimed his counsel was ineffective because he failed to move for dismissal due to a violation of the Speedy Trial Act. On October 27, 2014, the motion was denied, and the district court declined to issue a certificate of appealability. ECF No. 356.

On June 28, 2016, Petitioner filed a second motion under 28 U.S.C. § 2255, alleging that the decision in Johnson v. United States, 135 S.Ct. 2551 (2015), invalidated his convictions under § 924(c). ECF No. 363. On July 27, 2016, the district court dismissed the same as an unauthorized second or successive motion. ECF No. 365.

On August 27, 2019, the Third Circuit Court of Appeals granted Petitioner leave to file a second or successive § 2255 petition. ECF No. 382. On that same date, a duplicate of his June 28, 2016 motion was filed. ECF No. 383. On September 18, 2019, Petitioner filed a supplement to his § 2255 raising the decisions in United States v. Davis, 139 S.Ct. 2319 (2019) and Rehaif v. United States, 139 S.Ct. 2191 (2019). ECF No. 381.

On November 14, 2019, the district court entered an Order which indicated its opinion that briefing with respect to Petitioner's pending motions based on his conviction under 18 U.S.C. § 924(c) should continue. Therefore, the government was given until February 7, 2020 to submit a brief addressing Petitioner's argument as they appear in

his motions filed at ECF Nos. 363//383 and 381, as well as his related arguments in his filing at ECF No. 388. On February 4, 2020, the government filed its response. ECF No. 406. Petitioner has 30 days from that date to file a traverse/reply.

### C. Instant § 2241 Petition

Petitioner alleges that he is actually innocent of the § 924(c) conviction and relies on the decision issued in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) and references as well United States v. Davis,[2] 139 S.Ct. 2319 (2019) For relief, Petitioner seeks an order vacating his 924(c) conviction.

## III. Standards of Review

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v.

---

[2] Petitioner filed this action before the decision in Davis was issued on June 24, 2019, slightly more than two months after the instant § 2241 petition was filed.

Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his conviction and, as such, his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an

individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to

6

entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 F.App'x. 268 (4th Cir. 2014).

### IV. Analysis

Although Petitioner alleges that he satisfies the savings clause, he is mistaken because he misconstrues the import of Davis and Simms on his conviction under 924(c). § 924(c) criminalizes carrying or using a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c)(1)(A). Under § 924(c), a crime of violence is defined as "an offense that is a felony" and

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A)-(B). § 924(c)(3)(A) is often referred to as the "elements clause" and § 924(c)(3)(B) as the "residual clause."

Under Davis, in which the defendants were charged with multiple counts of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery, the Supreme Court announced a newly recognized right by finding § 924(c)'s **residual** clause to be unconstitutionally vague. 139 S.Ct. at 2336. Likewise, in Sims, the Fourth Circuit held that a crime of violence" as defined in § 924(c)(3)(B) ("the residual clause") is unconstitutionally vague. 914 F.3d at 23-37. Sims involved a Hobbs Act conspiracy.

7

Considering Davis,³ Petitioner's convictions under § 924(c) are valid only if his underlying conviction for bank robbery qualifies under the elements clause of § 924(c)(3)(A). See 139 S.Ct. at 2336. In this case, each of the two 924(c) charges (Counts Five and Seven) charged that Petitioner used and carried a gun in relation to two crimes of violence: conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; and armed bank robbery, in violation of 18 U.S.C. 2113(d).

The conspiracy offense no longer qualifies as a 924(c) crime of violence, because it may be committed without the use of physical force required by the elements clause, rather, the offense may rest on a mere agreement. See, e.g., United States v. Barrett, 937 F.3d 126, 129 (2d Cir. 2019); United States v. Simms, 914 F.3d 229, 233-34 (4th Cr. 2019) (en banc) (the government concedes the point and the court agrees); United States v. Reece, 938 F.3d 630, 635-36 (5th Cir. 2019) (conspiracy to commit bank robbery is not a 924(c) predicate); United States v. Ledbetter, 929 F.3d 338, 360-61 (6th Cir. 2019) (same); Brown v. United States, 942 F.3d 1069 (11th Cir. 2019) (per curiam) (the government concedes and the court agrees that conspiracy to commit Hobbs Act robbery is not a 924(c) crime of violence).

However, under Third Circuit precedent, armed bank robbery convictions constitute crimes of violence pursuant to the elements clause. See United States v. Johnson, 899 F.3d 191, 202-04 (3d Cir. 2018) (holding that armed bank robbery in

---

³ Although Petitioner cites, Sims, and relies predominantly on it in arguing that his § 924(c) conviction is invalid, it affords him no more relief than Davis. Furthermore, even if Sims called into question Petitioner's conviction, he was convicted in the Fifth Circuit and therefore cannot benefit from a change in substantive law of the Fourth Circuit. In Hahn v. Moseley, the Fourth Circuit held that when evaluating substantive claims under the savings clause, the Court must "look to the substantive law of the circuit where the defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. July 24, 2019), citing In re Davenport, 147 F.3d 605, 611-12 (7th Cir. 1998); Eames v. Jones, 793 F. Supp.2d 747, 750 (E.D.N.C. 2011).

violation of 18 U.S.C. § 2113(a) and (d) qualifies as a crime of violence for purposes of Section 924(c).

Finally, neither the Supreme Court nor the Fourth Circuit has determined whether Davis has retroactive effect. However, the Third Circuit has recently held that Section 2255 challenges based on Davis meet the gatekeeping requirement applicable to second or successive 2255 motions; specifically that a petitioner makes a prima facie showing that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See In re Matthews, 934 F.3d 296 (3d Cir. 2019). In reaching this decision, the Third Circuit joins the Fifth, Tenth and Eleventh Circuits. See United States v. Reece, 2019 WL 4252238, at *4 (5th Cir. Sept. 9, 2019); United States v. Bowen, 2019 WL 4146452, at *4 (10th Cir. Sept. 3, 2019); In re Hammond, 931 F.3d 1032, 1039 (11th Cir. 2019). Therefore, even if this court were to determine that Petitioner meets the first two elements of the In re Jones test, he cannot satisfy the third element because the decision in Davis is a new rule of constitutional law. The undersigned agrees with the reasoning of these courts and concludes that Davis applies retroactively. Therefore, Petitioner is foreclosed from bringing a § 2241 habeas petition in this court to challenge his conviction. Petitioner's remedy, if any, lies with the § 2255 currently pending with the court of conviction.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice** because Petitioner is unable to meet the § 2255 savings clause, and therefore, this court lacks jurisdiction.

Petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:  February 6, 2020

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE